UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

GERALD L. LYNCH, JR.

    Petitioner,

v.                                  Case No. 09-C-1135

WARDEN LARRY JENKINS,

    Respondent.

ORDER SCREENING PETITION FOR WRIT OF HABEAS CORPUS
AND REQUESTING RESPONDENT TO ANSWER OR OTHERWISE RESPOND
TO THE PETITION; GRANTING PETITIONER'S MOTION TO AMEND (DOC. # 3);
HOLDING IN ABEYANCE PETITIONER'S MOTION FOR STAY (DOC. # 2);
AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL (DOC. # 6)

On December 12, 2009, the petitioner, Gerald L. Lynch, Jr., filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Lynch submits that he was convicted in Dane County Circuit Court of one count of homicide by intoxicated use of a vehicle, Wis. Stats. § 940.09(1)(a), and two counts of fleeing an officer resulting in injury, Wis. Stats. § 346.04(3). He was sentenced to a total of fifteen years imprisonment followed by eighteen years extended supervision. Lynch is incarcerated at Fox Lake Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Lynch asserts two related grounds for relief. As the first ground for relief, Lynch asserts that his plea agreement was not knowingly and voluntarily entered because he was not informed that he would be ineligible for the Earned Release Program (ERP). As the second ground, Lynch submits that his counsel was ineffective for not properly advising him that he would be ineligible for the ERP. These contentions present colorable constitutional issues. *See Strickland v. Washington,* 466 U.S. 668 (1984) (ineffective assistance of counsel); *Brady v. United States,* 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."); *Simelton v. Frank*, 446 F.3d 666, 671 (7th Cir. 2006).

In addition, Lynch has filed a motion to amend his petition (Doc. # 3) to include two additional grounds for relief. As the third ground for relief, Lynch raises ineffective assistance of counsel for "omission of viable issues." He references an argument that he presented in a postconviction motion to the Wisconsin courts that his appellate counsel was ineffective for failing to properly claim equal protection and due process violations because he as a person convicted of offenses under Wis. Stats. ch. 940 is excluded from participating in Wisconsin's earned release programs. *See State v. Lynch*, App. No. 2007AP1976 (Wis. Ct. App. Oct. 9, 2008) (discussing argument and procedural history).[1] As a fourth ground for relief, Lynch submits that the "doctrine of

---

[1] Lynch has attached several documents to his petition (Doc. # 1) and proposed amendment to the petition (Doc. # 3). This includes several decisions from the Wisconsin courts, and two decisions by Magistrate Judge Steven Crocker.

2

separation of powers is implicit in the division of governmental powers among the judicial, legislative and executive branch's." (Doc. # 3 at 2.) He goes on to state that "the elimination of a circuit court's power to determine a defendant's eligibility for either the Earned Release Program or Challenge Incarceration Program, without the 'approval' of the District Attorney, is an impermissible burden." (*Id.*) Again, he appears to reference his earlier argument in a postconviction motion to the Wisconsin courts that a prosecutor's decision to charge an offense that statutorily excludes earned release somehow interferes with the discretion of the court. *See Lynch*, No. 2007AP1976.

Although, Lynch's motion to amend his petition will be granted; only the third ground for relief, ineffective assistance of counsel presents a colorable constitutional claim which may proceed. However, Lynch's fourth ground for relief, the assertion that a prosecutor's decision to charge a crime that excludes earned release programs violates the separation of powers, does not articulate a violation of Lynch's federal rights. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Hence, the proposed fourth ground for relief will be dismissed.

Moving on, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process, or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to

3

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). However, if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may, under certain circumstances, be stayed and held in abeyance to provide the petitioner the opportunity to exhaust the remaining claim. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

In his petition, Lynch contends that he has raised each of his arguments to the Wisconsin courts. While it appears that his third ground for relief, as amended, has been addressed on the merits by the Wisconsin Court of Appeals, see *Lynch*, No. 2007AP1976, with petition for review denied by the Wisconsin Supreme Court, Lynch seems to concede that the first and second grounds have not been addressed by the state courts or have been procedurally defaulted. The petition (and the documents attached thereto) indicate that Lynch appealed his conviction and sentence (including a postconviction motion) claiming (1) denial of due process and equal protection due to his ineligibility for earned release, and (2) that he was sentenced on inaccurate information. The Wisconsin Court of Appeals affirmed Lynch's conviction on October 5, 2006, *State v. Lynch*, App. No. 2005AP2128 (Wis. Ct. App. Oct. 5, 2006), and the Wisconsin Supreme Court denied review on January 9, 2007. Lynch filed a second postconviction motion with the Dane County Circuit Court alleging ineffective assistance of counsel in that his former

4

appellate attorney should have presented an alternative equal protection argument related to his ineligibility for earned release. The circuit court denied that motion on the merits (while noting that the petition should have been brought first to the court of appeals), and the Wisconsin Court of Appeals affirmed the denial on October 9, 2008. *See Lynch*, App. No. 2007AP1976. The Wisconsin Supreme Court denied review on December 15, 2008. (Pet. 5.)

Lynch then filed a third postconviction motion with the Dane County Circuit Court contending that his guilty plea was not knowingly and voluntarily entered. The circuit court denied this motion as procedurally barred on February 26, 2009.[2] Lynch appealed this decision to the Wisconsin Court of Appeals, which dismissed the appeal on August 31, 2009, for lack of jurisdiction. The court of appeals concluded that Lynch's notice of appeal was untimely. *State v. Lynch*, App. No. 2009AP1761 (Wis. Ct. App. Aug. 31, 2009). The court of appeals also denied Lynch's motions for reconsideration on September 29, 2009, and October 6, 2009.

After filing the instant petition, Lynch submitted several documents indicating that he is still pursuing certain claims through the Wisconsin courts. For instance, on January 5, 2010, Lynch filed a letter requesting what appears to be a stay of his habeas

---

[2] Of note, it appears that around this time, Lynch filed a § 2254 petition in the Western District of Wisconsin presenting the first and second grounds for relief asserted in the instant petition (involuntary plea and ineffective assistance). Magistrate Judge Stephen Crocker screened the petition, indicating that it appeared Lynch had failed to exhaust his state remedies. Subsequently, Lynch filed a motion to stay his federal habeas filing, and the state moved to dismiss the petition for failure to exhaust state remedies. In an order dated June 9, 2009 (attached to the petition), Judge Crocker dismissed the petition without prejudice, concluding that Lynch failed to exhaust his remedies. *See Lynch v. Hepp,* No. 09-CV-113-SLC (W.D. Wis.). Judge Crocker denied Lynch's motion for a stay given that Lynch had until December 15, 2009, to file his federal habeas petition.

Lynch's § 2254 petition pending before this court was signed December 9, 2009, and docketed December 10, 2009. The court does not question Judge Crocker's statute of limitations calculation, but if the respondent believes Lynch's petition is untimely under 28 U.S.C. § 2244(d), he may raise this argument.

5

case so that "the State of Wisconsin may respond to my second state writ of habeas corpus." (Doc. # 2.)[3] Further, on February 16, 2010, Lynch submitted a letter asking whether he may "postpone his federal petition in order to give the state an opportunity to remedy my constitutional claim." (Doc. # 5.) In the letter, Lynch notes that he has filed an appeal with the Wisconsin Court of Appeals—a letter from the court of appeals to Lynch, attached to Lynch's letter to this court, states that he must submit a filing fee by a date certain. (Doc. # 5.)

With this background, the court is unable to discern conclusively whether Lynch has presented his first and second grounds for relief to the Wisconsin courts, whether they remain unexhausted or whether they are procedurally defaulted. Thus, exhaustion and possible default are matters the respondent, and thereafter Lynch, may address. The court will reserve ruling on Lynch's request for a stay pending a response from the respondent.

Also before the court is Lynch's request for appointment of counsel. (Doc. # 6.) The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), allows the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. However, to do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v.*

---

[3] This document (Doc. # 2) has been docketed as a "motion for extension of time." The court considers it a motion for stay and abeyance of his federal habeas petition.

6

*County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982).

In the instant case, Lynch does not mention whether he has attempted to secure counsel, or what, if any, circumstances prevented him from doing so. Thus, the court will deny his motion seeking the appointment of counsel for failure to meet the threshold burden. *See Jackson*, 953 F.2d at 1073 ("If, however, the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright"). Furthermore, this case is in its earliest stages and Lynch has not shown that the facts or the issues are so complex as to require the assistance of counsel. Therefore,

IT IS ORDERED that Lynch's motion to amend his petition (Doc. # 3) is granted.

IT IS FURTHER ORDERED that Lynch's claim that a prosecutor's decision to charge a crime that excludes earned release violates the separation of powers is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

IT IS FURTHER ORDERED that the Respondent shall have 45 days to answer or otherwise respond to the three colorable constitutional claims presented in the amended petition, showing cause, if any, why a writ of habeas corpus should not issue, pursuant to the Rules Governing § 2255.

If the respondent contends that the petition is subject to dismissal due to the statute of limitations, failure to exhaust remedies, procedural default, barred as second or successive, or other reasons, he may file a motion to dismiss, a brief in support, and other

7

relevant materials within the 45-day period. The petitioner shall have 30 days after service of the respondent's motion to file a response brief, and the respondent shall have 15 days thereafter to submit a reply brief, if any.

IT IS FURTHER ORDERED that Lynch's request for a stay (Doc. # 2) is held in abeyance pending a response from the respondent. If the respondent contends that the petition presents both exhausted and unexhausted claims, he shall address whether Lynch's pending motion for a stay should be granted.

IT IS FURTHER ORDERED that Lynch's motion for appointment of counsel (Doc. # 6) is denied without prejudice.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition (Doc. # 1), motion to amend (Doc. # 3), and this order shall be mailed to the respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

8