UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GERALD L. LYNCH, JR,**
      **Petitioner,**

   **v.**                **Case No. 09-C-1135**

**WARDEN LARRY JENKINS,**
      **Respondent.**

# DECISION AND ORDER DENYING PETITION
# FOR A WRIT OF HABEAS CORPUS

## I. PROCEDURAL HISTORY

On December 10, 2009, Gerald L. Lynch, Jr. ("Lynch"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The petition was initially assigned to Chief Judge Charles N. Clevert, Jr. On January, 7, 2010, Lynch filed a motion which was construed as a request to hold his petition in abeyance while he exhausted his state court remedies. (Docket No. 2.) On April 30, 2010, Judge Clevert screened Lynch's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (Docket No. 7.) In doing so, Chief Judge Clevert denied Lynch's motion for the appointment of counsel, granted Lynch's motion to amend his petition, but dismissed count four of his amended petition. (Docket No. 7.) Chief Judge Clevert stated that the record was insufficient to determine at that point whether Lynch had failed to exhaust his state court remedies, and thus the court was unable to determine whether it was appropriate to stay the proceedings and hold his petition in abeyance. (Docket No. 7 at 6.) Therefore, the respondent was ordered to answer claims 1 through 3 of the petition. (Docket No. 7.)

Based upon district court administrative procedures, Chief Judge Clevert reassigned this case to Judge Stadtmueller, (Docket No. 9), and upon all parties consenting to the full jurisdiction of a magistrate judge, the case was reassigned to this court, (Docket Nos. 10, 16, 17). On June 7, 2010, Lynch filed a second motion for the appointment of counsel. (Docket No. 13; see also Docket Nos. 19, 23, 28.) On June 15, 2010, the respondent answered the petition. (Docket No. 18.) Lynch has subsequently submitted various additional letters and exhibits, (see Docket Nos. 21, 22, 25, 26, 27), as well as a reply to the respondent's answer, (Docket No. 24).

On July 28, 2010, Lynch submitted a letter stating that he had now exhausted his state court remedies, (Docket No. 28), which the court construed as a motion to withdraw his motion to stay the proceedings, (Docket No. 2). (See Docket No. 30.) On August 19, 2010, the court denied Lynch's motion for the appointment of counsel and ordered the respondent to supplement the record with additional materials. (Docket No. 30.) The respondent has now provided those additional materials. (Docket No. 35.) Lynch has also submitted various other documents in support of his petition. (Docket Nos. 36, 37, 39.) The pleadings on Lynch's petition are now closed and the matter is ready for resolution.

## II. FACTS

> The charges in this case arose out of an incident in which Lynch, under the influence of alcohol, led police officers on a high-speed chase, which ended when Lynch's vehicle collided with another. One person was killed and two people were injured in the collision. Pursuant to a plea agreement, Lynch pleaded no-contest to homicide by intoxicated use of a vehicle contrary to WIS. STAT. § 940.09(1)(a) and to two counts of fleeing from an officer resulting in bodily harm contrary to WIS. STAT. § 346.04(3); the circuit court dismissed eight other charges, reading in two for sentencing purposes.

State v. Lynch, 2006 WI App 231, ¶3, 297 Wis. 2d 51, 724 N.W.2d 656.

Following Chief Judge Clevert's screening of Lynch's petition, Lynch presents three claims for relief. First, he alleges that his plea of no contest to homicide by intoxicated use of a motor vehicle was involuntary because he did not know that would be ineligible for the Earned Release

2

Program ("ERP"). Second, Lynch contends that his trial counsel was ineffective for not investigating Lynch's eligibility for the ERP and that his appellate counsel was ineffective for not investigating the "root cause" of Lynch's ineligibility for the ERP. Third, Lynch contends that his appellate counsel was ineffective for failing to raise "viable issues." (Docket No. 3 at 2.)

The respondent admits that Lynch has exhausted his state court remedies as to his third claim for relief but contends that Lynch is not entitled to relief on this ground because the court of appeals' decision was not contrary to or an unreasonable application of clearly established federal law nor was its determination unreasonable in light of the evidence. (Docket No. 18 at ¶¶7-8.) However, as for Lynch's first and second grounds, the respondent contends that Lynch procedurally defaulted these claims because he failed to present them to the state courts when he failed to file a timely appeal. (Docket No. 18 at ¶¶5-6.)

A review of the Wisconsin Supreme Court and Court of Appeals Access database, available at http://wscca.wicourts.gov, and the records submitted by the parties indicate that Lynch has filed four separate appellate actions related to the conviction he challenges now. First there was Lynch's direct appeal of his conviction. Wis. App. Case No. 2005AP002128. In this direct appeal, Lynch argued the trial court erred in sentencing as well as that 2003 Wis. Act 33 violated the 14th Amendment's equal protection guarantee by making persons convicted of homicide by the intoxicated use of a motor vehicle ineligible for the ERP. (Ans. Ex. C.) After the court of appeals affirmed his conviction, (Ans. Ex. F), Lynch raised these issues in his petition for review by the Wisconsin Supreme Court, (Ans. Ex. G), which was denied on January 9, 2007, (Ans. Ex. I).

Second, Lynch filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, Wis. App. Case No. 2007AP001976, in which Lynch argued that he was denied the effective assistance of appellate counsel because his appellate counsel was ineffective for pursuing the argument he did instead of an argument that 2003 Wis. Act 33 violated due process and equal protection by making

3

certain persons convicted of crimes that resulted in death ineligible for the ERP but not all persons convicted of crimes where death resulted. (Ans. Ex. J.) Lynch also argues that this law granted too much power to prosecutors and violated the doctrine of separation of powers. (Ans. Ex. J.) The court of appeals rejected Lynch's ineffective assistance of counsel argument because had appellate counsel raised this argument it would not have been successful; the legislature had a rational basis for excluding persons convicted of homicide by intoxicated use of a motor vehicle from eligibility for the ERP. (Ans. Ex. M.) The court further found Lynch's separation of powers argument to be meritless. (Ans. Ex. M.) On December 15, 2008, the Wisconsin Supreme Court denied Lynch's petition for review. (Ans. Ex. Q.)

Third, Lynch filed a second § 974.06 motion in which he argued that his plea was not knowingly and intelligently made. (See Ans. Ex. R.) The circuit court denied this motion finding that this claim for relief was barred because it was not raised in his prior § 974.06 motion. (Ans. Ex. R (citing State v. Escalona-Noranjo, 185 Wis. 2d 168, 181, 517 N.W.2d 157, 162 (1994))). Lynch eventually appealed the decision of the circuit court, see Wis. App. Case No. 2009AP001761, and the court of appeals dismissed Lynch's appeal stating that it lacked jurisdiction because the appeal was filed more than 90 days after the entry of the circuit court's order. (Ans. Ex. T.) The court of appeals subsequently twice denied Lynch's motions for reconsideration of the dismissal of his appeal. (Ans. Exs. U, V.) There is no indication that Lynch petitioned the Wisconsin Supreme Court for review of this decision.

Finally, Lynch filed a petition for a supervisory writ. Wis. App. Case No. 2010AP000391. This petition emerged from Lynch's renewed effort to withdraw his guilty plea on the basis that neither the court nor his attorney informed him that he would be ineligible for the ERP. Since Lynch had already unsuccessfully tried to withdraw his guilty plea, the circuit court denied his motion to waive the filing fee because Lynch failed to state a claim upon which relief could be

granted. (Docket No. 35-3.) Lynch then petitioned the court of appeals for a writ of mandamus compelling the circuit court to waive the filing fee. (Docket No. 35-3.) The court of appeals denied the petition on May 12, 2010. (Docket No. 35-3.) Lynch sought review by the Wisconsin Supreme Court and in his petition raised a number of claims, including that his plea was involuntary and that his trial counsel was ineffective. (Ans. Ex. Y.) The Wisconsin Supreme Court denied review on July 21, 2010. (Docket No. 35-5.)

**III. STANDARDS OF REVIEW**

> Under the Antiterrorism and Effective Death Penalty Act (AEDPA), [a federal court] may grant a petition for habeas relief from a state court judgment only in one of two limited circumstances: if the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Smith v. Grams, 565 F.3d 1037, 1043 (7th Cir. 2009).

The court shall presume that the state court's factual determinations are correct, and the petitioner may rebut this presumption only be clear and convincing evidence. Id. (citing § 2254(e)(1)). The petitioner "bears the burden of showing that the state court's finding of fact or its application of federal law was not only erroneous, but unreasonable." Id. (citing Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009); Sturgeon v. Chandler, 552 F.3d 604, 609 (7th Cir. 2009)). Under the "unreasonable application" prong of (d)(1), it is not enough for the federal court to simply disagree with the conclusion of the state court; the state court's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## IV. ANALYSIS

### A. Involuntary Plea

Lynch alleges that his plea of no contest to homicide by intoxicated use of a motor vehicle was involuntary because he did not know that he would be ineligible for the earned release program ("ERP"). The court is unable to consider the merits of this claim because the state court denied it based upon adequate and independent state law grounds.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).

> [T]he "adequate and independent state ground" doctrine does not bar habeas review of the federal claim unless the state court actually relied on the procedural default as an independent basis for its decision. [Harris v. Reed,] 489 U.S. [255,] 261-62 [(1989)]. To be an independent basis for the state court's ruling, "the state court therefore must have 'clearly and expressly' relied on procedural default as the basis of its ruling." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000).

Perry v. McCaughtry, 308 F.3d 682, 690 (7th Cir. 2002).

The claim that his plea was involuntary was raised in Lynch's second § 974.06 motion. The circuit court denied this motion pursuant to State v. Escalona-Naranjo, 185 Wis. 2d 168, 181, 517 N.W.2d 157, 162 (1994), because Lynch failed to raise the claim in his first § 974.06 motion. (Docket No. 35-2 at 98-99.) A Wisconsin court's holding that a petitioner's claim is barred by the procedural rule set forth in Escalona-Naranjo constitutes an adequate independent state ground for the decision, see Perry v. McCaughtry, 308 F.3d 682, 692 (7th Cir. 2002), and therefore, when the state court relies upon the Escalona-Naranjo rule to deny a petitioner's claim, the petitioner's federal habeas petition must almost always fail. The court of appeals' conclusion bars this court from considering the merits of Lynch's claim because Lynch has failed to demonstrate that his default should be excused.

6

Additionally, the court of appeals never considered the merits of this claim because Lynch waited too long to appeal the circuit court's decision. (Ans. Ex. T.) Under Wisconsin law, the failure to file a timely appeal, which in this case was 90-days from the date of the circuit court's order, deprive the court of appeals with jurisdiction to consider Lynch's appeal. (Ans. Ex. T (citing Wis. Stat. § 808.04(1).)) The relevant order was dated February 26, 2009. (Ans. Ex. R.) Adding 90 days to this date means that Lynch's notice of appeal was due no later than May 27, 2009. Lynch's notice of appeal was dated May 29, 2009, and it was received by the court of appeals on June 5, 2009. (Ans. Ex. S.) Therefore, Lynch's appeal was untimely. The court of appeals' conclusion that it lacked jurisdiction to consider Lynch's appeal again represents adequate and independent state grounds thus precluding this court from addressing the merits of Lynch's appeal. See Coleman, 501 U.S. at 744.

Finally, irrespective of Lynch's default due to the adequate and independent state grounds set forth in Escalona-Naranjo and for failing to file a timely appeal, the court is barred from considering the merits of this claim because Lynch has failed to exhaust his state court remedies by not fairly presenting this claim to the Wisconsin Supreme Court. See 28 U.S.C. § 2254(b)(1)(A).

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in order to exhaust a claim, the petitioner must present it in a petition for discretionary review with the Wisconsin Supreme Court. Id.; see also Rodriguez v. Scillia, 193 F.3d 913, 916-18 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." Rodriguez, 193 F.3d at 917. Lynch failed to petition the Wisconsin Supreme Court to review this claim.

7

"[E]xhaustion of state remedies requires that petitioners 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)) (certain quotation marks deleted).

> Fair presentment requires a petitioner to put forward operative facts and controlling legal principles. Whether [the petitioner] has done so depends on several factors, including: (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Sweeney v. Carter, 361 F.3d 327, 332 (7th Cir. 2004) (quotation marks deleted) (citing Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001); Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir. 1992)).

Although Lynch again sought to present this claim, because it had already been denied pursuant to Escalona-Naranjo, the circuit court denied Lynch's request to waive the filing fee. Lynch challenged the circuit court's refusal to waive the filing fee but the court of appeals agreed with the circuit court and the Wisconsin Supreme Court denied review. In challenging the circuit court's refusal to waive the filing fee, Lynch did present his argument that his plea was involuntary. However, presenting this claim in this context was not sufficient to fairly present it to the appellate courts because the merit of the claim was not before the courts. Rather, the only issue before the appellate courts was whether the filing fee should be waived. Neither appellate court was presented with the merits of the claim.

Each of the three reasons set forth above, standing alone, is sufficient to preclude this court from reaching the merits of Lynch's claim. Lynch has failed to demonstrate that his default should be excused and therefore, Lynch's claim alleging an involuntary plea must be denied without the court reaching its merits.

**B. Ineffective Assistance of Trial Counsel**

Second, Lynch contends that his trial counsel was ineffective for not investigating Lynch's eligibility for the ERP. Like Lynch's claim that his plea was involuntary, this claim was raised for the first time only in Lynch's second § 974.06 motion. (Ans. Ex. BB at 5.) But in that motion, the issue was raised only in passing as an argument to support his claim that his plea was involuntary. (Ans. Ex. BB.) As noted above, after the court of appeals determined that it lacked jurisdiction to hear this motion because his appeal was untimely, Lynch did not petition the Wisconsin Supreme Court for review.

As part of his subsequent petition for a supervisory writ, which related to the circuit's court's refusal to waive the fees associated with yet another § 974.06 motion, Lynch discussed this claim in more detail, (see, e.g., Ans. Ex. Y at 23-26), but as noted above, this was not the issue before the appellate courts at that time. Thus, for the same reasons set forth above with respect to Lynch's claim that his plea was involuntary, this court is unable to review this claim. Lynch has procedurally defaulted this claim and has failed to exhaust his state court remedies. Accordingly, this court must deny Lynch relief as to his claim for ineffective assistance of counsel.

**C. Ineffective Assistance of Appellate Counsel**

The respondent acknowledges that Lynch has exhausted his state court remedies with respect to his claim that his appellate counsel was ineffective. (Docket No. 18, ¶7.) Moreover, the respondent acknowledges that this claim is not time barred. (Docket No. 18, ¶4.) Finally, although the court concludes that Lynch failed to exhaust his state court remedies with respect to his first two claims for relief, thus rendering his petition "mixed," see Rhines v. Weber, 544 U.S. 269, 273 (2005), the respondent does not present this argument. Because the total exhaustion requirement is not jurisdictional, see Granberry v. Greer, 481 U.S. 129, 133 (1987), the court shall nonetheless consider this final claim upon its merits. The court must consider whether Lynch's "appellate

counsel was ineffective for not investigating the root cause of [Lynch's] ineligibility for the ERP ([Lynch's] plea to a Ch. 940 offense)." (Docket No. 1 at 7.)

A petitioner seeking relief pursuant to 28 U.S.C. § 2254 due to an alleged denial of the effective assistance of counsel must demonstrate that the state court's decision on this issue was contrary to or involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Wright v. Van Patten, 128 S. Ct. 743 (2008) (per curiam). Under Strickland, a petitioner is entitled to relief only if he can prove the following two elements. Goodman v. Bertrand, 467 F.3d 1022, 1027 (7th Cir. 2006). First, the petitioner must prove that his counsel's performance was unreasonable. In assessing the reasonableness of counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Raygoza v. Hulick, 474 F.3d 958, 962 (7th Cir. 2007) (quoting Strickland, 466 U.S. at 689). A court assessing the reasonableness of an attorney's performance must be cautious not to view counsel with the distorted perspective offered by hindsight; rather, every effort must be made to evaluate an attorney's performance from the perspective of counsel at the time. Strickland, 466 U.S. at 689. An attorney's actions do not become unreasonable simply because they proved unsuccessful. Id.

Second, the petitioner must prove that this unreasonable conduct prejudiced his defense. It is not enough for petitioner to show that the attorney's error had "some conceivable effect on the outcome." Raygoza, 474 F.3d at 962-63 (quoting Strickland, 466 U.S. at 693). But on the opposite side, it is not necessary for the petitioner to demonstrate that the error more likely than not altered the outcome of the case. Id. Rather, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

10

Lynch pled no contest to and was convicted of homicide by intoxicated use of motor vehicle, in violation of Wis. Stat. § 940.09(1)(a). (Ans. Ex. A.) Any person convicted of a crime under Chapter 940 is ineligible for Wisconsin's Earned Release Program whereby an individual may earn early release by completing substance abuse treatment. See Wis. Stat. §§ 302.05(3)(a)1. and 973.01(3g).

On direct appeal, Lynch's attorney argued that excluding drunk drivers who cause the death of another person is unconstitutional because all other drunk drivers are not excluded from the program. The court of appeals rejected this argument concluding that there was a rational basis for the legislature's decision to exclude drunk drivers who cause death. (Ans. Ex. F, ¶18.)

Lynch contends that his appellate counsel was ineffective for pursuing this argument instead of arguing that excluding drunk drivers who cause death is unconstitutional when others who are convicted of crimes causing death or great bodily harm are not excluded from the ERP. As the court of appeals explained the distinction between the arguments, "Essentially, appellate counsel argued that no rational basis existed to distinguish between offenders who commit the same act but with different consequences. In Lynch's view, counsel should have argued that no rational basis existed to distinguish between offenders who commit different acts but with the same consequences." (Ans. Ex. M, ¶4.) Lynch also contends that appellate counsel should have argued that vesting a prosecutor with discretion to charge a defendant with a violation of Chapter 940, and thus deny him eligibility for the ERP, was improper as it intruded upon a determination normally reserved for the court.

The court of appeals rejected Lynch's arguments, concluding that there was a rational basis for not excluding every person convicted of a crime that resulted in death or great bodily harm from eligibility for the ERP. (Ans. Ex. M, ¶6.) Because there was a rational basis for the legislature's action, this argument would not have prevailed, and therefore it was neither unreasonable nor

prejudicial for Lynch's attorney to forego this argument. (Ans. Ex. M, ¶7.) Finally, the court concluded that Lynch's prosecutorial discretion argument was meritless. (Ans. Ex. M, ¶8.)

The court of appeals has suggested that the analysis for determining whether a statute that treats offenders differently is consistent with due process and equal protection is the same under state law as would apply under federal law (Ans. Ex. F, ¶10.) However, a state is free to afford greater rights and protections than the minimums set by the federal constitution. Lynch does not contend that the standards articulated by the Wisconsin courts are inconsistent with minimum protections afforded under the United States Constitution. Therefore, although ordinarily it is the federal constitutional standard that applies in a court's analysis of a § 2254 petition, the question before this court is not directly whether treating defendants differently violates due process and equal protection. Rather, the question is whether counsel's decision to forego this argument was unreasonable and prejudicial. If the motion would have been denied had it been made, it was not unreasonable or prejudicial. In determining whether such a motion would have been granted, the court would have applied Wisconsin law.

As the court of appeals made clear in its decision on Lynch's direct appeal, demonstrating that a law is unconstitutional because it treats certain defendants differently from others is a very difficult task for a defendant. (Ans. Ex. F, ¶10.)

> A statute will be upheld against an equal protection challenge if a plausible policy reason exists for the classification and the classification is not arbitrary in relation to the legislative goal. A statute will be held unconstitutional if the statute is shown to be patently arbitrary with no rational relationship to a legitimate government interest. The party challenging the classification has the burden of demonstrating that the classification is arbitrary and irrationally discriminatory.

Ferdon v. Wis. Patients Comp. Fund, 2005 WI 125, ¶73, 284 Wis. 2d 573, 701 N.W.2d 440 (2005) (footnotes and quotation marks omitted).

Hypothetically, if Lynch had been convicted of fleeing police causing death, see Wis. Stat. § 346.04(3), 346.17(2t)(c), instead of homicide by intoxicated use of a motor vehicle, see Wis. Stat.

§ 940.09(1)(a), Lynch would have been eligible for the ERP. But not only would Lynch have been eligible for the ERP, his maximum punishment would have been substantially less. An intoxicated driver who causes death faces up to 25 years in prison, see Wis. Stat. §§ 939.50(3)(d), 940.09(1g), whereas a fleeing driver who causes death faces a maximum of 15 years in prison, see Wis. Stat. §§ 346.17(2t)(c), 939.50(3)(e).

There are many examples where conduct that results in the death of an individual leads to different punishments. See, e.g., Wis. Stat. §§ 940.01-940.03. There is absolutely no constitutional requirement that all criminal acts that result in the death of an individual must be punished in the same way. Denying persons convicted of certain crimes the opportunity to earn early release through participation in treatment programs is merely an aspect of the punishment that the legislature is entitled to establish. Just as the legislature is entitled to conclude that the punishment for a death resulting from the intoxicated use of a motor vehicle is more serious and merits up to 10 additional years in prison than punishment for causing death while fleeing the police, so too can the legislature conclude that the former charge is serious enough to also exclude the opportunity to earn early release.

As can be seen, there is a rational basis for the legislature's decision to exclude persons convicted of homicide by intoxicated use of a motor vehicle from the ERP. Therefore, a defendant raising this argument on appeal would have been unsuccessful. Accordingly, this court concludes that it was neither unreasonable nor prejudicial for Lynch's appellate counsel not to raise it.

Finally, like the court of appeals, this court finds no merit to Lynch's contention that it is somehow improper that a prosecutor is given charging discretion in determining whether a defendant will be eligible for the ERP. Different charges carry different punishments and deciding who to charge with what, so long it is not based upon "an unjustifiable standard such as race, religion, or other arbitrary classification," United States v. Armstrong, 517 U.S. 456, 464, (1995)

(quoting Oyler v. Boles, 368 U. S. 448, 456 (1962)), is a matter of prosecutorial discretion upon which a court cannot intrude. Therefore, because this argument would have been unsuccessful, Lynch's appellate attorney was not ineffective for failing to raise it. Accordingly, this court is unable to conclude that the court of appeals' decision that Lynch's appellate counsel was not ineffective was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. Therefore, Lynch's third claim for relief must be denied.

**V. CONCLUSION**

The state courts denied Lynch's first and second claims for relief based upon adequate and independent state law grounds and therefore Lynch has procedurally defaulted these claims. As for his third claim for relief that his appellate counsel was ineffective, this claim fails upon its merits. The arguments that Lynch contends his appellate counsel should have raised would not have been successful and therefore it was not unreasonable or prejudicial for Lynch's appellate counsel to forego these arguments. Finally, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, the court concludes that Lynch has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and therefore denies Lynch a certificate of appealability.

**IT IS THEREFORE ORDERED** that Lynch's petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2010.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge